## LALLANDE *vs.* PRESIDENT AND DIRECTORS OF THE LOUISIANA STATE INSURANCE COMPANY.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the president and directors of a company are appointed commissioners to perform a certain trust, they act in the latter capacity alone, and are responsible for their acts as commissioners, after their offices of president and directors have expired.

Where commissioners are to open books of subscription for stock of a company, on a certain day, and keep them open until the subscription *is filled,* the time within which they are to keep the books open is unlimited, except as to its commencement, and the commissioners are responsible, until the subscription is filled according to the charter.

The writ of *mandamus* is provided for, *in all cases* where the law has assigned no relief by the ordinary means, and where reason and justice require some mode of redressing a wrong.

This is an action by an applicant to become a stockholder in the Louisiana State Marine and Fire Insurance Company, against the president and directors of the late Louisiana State Insurance Company, acting as commissioners of the former company, for a *mandamus,* compelling them to show

cause, why the subscriptions received by them should not be declared null and void, and the books of the new company be re-opened, and the subscriptions again received by them, according to the charter or act of incorporation.

EASTERN DIST.
*April*, 1836.

LALLANDE
*vs.*
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

The defendants pleaded an exception to the plaintiff's petition, in manner as set forth in the opinion of the court.

The facts of the case are contained in the following opinion of the district judge, who tried the cause in the first instance :

" On 27th March, 1835, an act was passed incorporating the Louisiana State Marine and Fire Insurance Company, with a capital of three hundred thousand dollars, to be divided into three thousand shares.

" ' That subscriptions for the said three thousand shares shall be opened at New-Orleans, in the month of April next, under the superintendence of the president and directors of the Louisiana State Insurance Company, and shall continue open until the whole of said number of shares shall have been subscribed.'

" The petition alleges that public notice was given ; that on the day the subscription was to be made, the petitioner and a number of persons attended to subscribe, and offered, and were ready to subscribe and pay the instalment, but were not permitted to do so ; that books were not opened for subscription, as required by law ; that no quorum of directors attended.

" That John K. West, the president, at the moment fixed by public advertisement, and without announcing that the books were opened for subscription, took aside the books intended to receive the subscriptions, and either on his own account, or as pretended agent for others, subscribed for almost the whole amount of the capital stock, without offering to all persons present the least opportunity to subscribe ; that the instalment of twenty dollars per share was not paid as required.

" The petition charges that fraud and deception have been practised, contrary to the true intent and meaning of the act of incorporation, to deprive petitioner and others of the right of subscription.

EASTERN DIST.
April, 1836.

LALLANDE
vs.
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

"The petition alleges that the subscriptions are void, and calls upon the court so to decree, and to *mandamus* the president and directors to open the subscription books, and receive the subscription of plaintiff and others, as prescribed by the act.

"There is a plea in the nature of an exception, which sets out that the charter of the Louisiana State Insurance Company expired on the 1st May, 1835; that defendants are not bound and cannot act under the authority of the second section of the act of 27th March, 1835; that the books were to be opened in April, which is now past.

"There are, doubtless, cases where to save pre-existing rights, courts would be justified to supply deficient and imperfect legislation, but the duty is a delicate and important one, and unless the case be a very clear one, and most generally, unless there be some already existing right, or some imperious necessity, the judiciary ought not to interfere, or attempt, or appear to grasp at legislative power. There are cases also, where, when parties apply for and are constituted, on their own application and consent, agents for given duties, they would not be permitted to abstain from the fulfilment of the duty. But I do not consider the present such a case. The right claimed by plaintiff is one which he has only in common with all his fellow citizens. It is not of that precise, fixed, vested and tangible character as to be the subject of property, and therefore essentially coming, by its nature, under judicial protection, in such a way and to such an extent as to authorise a court to supply defective legislation, or rather, as its principle would be considered, maintain and enforce a vested interest and property."

The district judge was of opinion this was a case in which he could grant no relief, and dismissed the petition on the exception pleaded. The plaintiff appealed.

*Grima*, for the plaintiff, contended:

1. Although the charter of the Louisiana State Insurance Company expired on the 1st May, 1835, the president and directors of said company were still, as commissioners, respon-

sible for their acts, under the second section of the act of 27th March, 1835, by virtue of which they acted.

EASTERN DIST.
*April,* 1836.

LALLANDE
*vs.*
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

2. The court below was bound to examine into the nature of the charges contained in the appellant's petition, and could not do so upon the exception, nor pronounce upon the rights of the appellant, without hearing the case on its merits.

3. The act of 27th March, 1835, is clear and without ambiguity, and if the duties prescribed by the commissioners have not been fulfilled by them, their acts are void, and should be declared void.

4. If the law be doubtful, or if there was no express law, the court was bound to proceed and decide according to law

*Eustis,* for the defendants.

*Bullard, J.,* delivered the opinion of the court.

The petitioner in this case, alleges that the defendants being at the time the president and directors of the Louisiana State Insurance Company, were constituted a board of commissioners to superintend the opening of the books for the subscription to the capital stock of a new corporation, created by act of the legislature of the 27th March, 1835, styled the Louisiana State Marine and Fire Insurance Company; that they accepted that trust, and gave public notice in the newspapers that the subscription would be opened on the 6th of April; that the plaintiff, with many others, were present at the time appointed, and offered to subscribe, and pay, at the time of subscribing, twenty dollars on each share, as required by the charter, but that their offer was refused. He further alleges, that John K. West, one of the commissioners, at the very moment fixed by the advertisement, and without announcing that the books were opened for subscription, took aside the books, and either for his own account, or as the pretended agent of others, subscribed for almost the whole amount of the capital stock, without offering to all persons present the least opportunity to subscribe; that the twenty dollars per share, as required by the charter, was not paid. He further alleges, that the books were not regularly

42

EASTERN DIST.
*April*, 1836.

LALLANDE.
*vs.*
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

opened, according to the true intent and meaning of the charter; that a quorum of the commissioners was never present to superintend the subscription, until after the president announced that the subscription was filed and the books closed. He alleges that he has been greatly injured by this illegal conduct of the commissioners, and deprived of a right given him by the charter; that fraud and deception were employed, contrary to the true intent and meaning of the act of incorporation, to deprive him and others of that right; that the subscriptions so made on the 6th of April are null and void.

The petition concludes with a prayer that a writ of *mandamus* may issue, commanding the defendants to open the books, and proceed to receive the subscription of the capital stock, according to the charter, and to show cause why the subscription thus made should not be annulled, and for such further relief as the nature of the case may require.

To this action the defendants set up as a peremptory exception, that the charter of the Louisiana State Insurance Company expired by its own limitation, on the 1st of May, 1835; and that they were not bound to act, and cannot act after that time, under the authority given by the second section of the act to incorporate the subscribers to the Louisiana State Marine and Fire Insurance Company, approved on the 27th March, 1835, because, by the express provision of said charter, the books of said company could only be opened in the month of April, 1835, and under the superintendence of the defendants, as president and directors of the Louisiana State Insurance Company.

This defence, when analysed, amounts to this, as we understand it, that the defendants, as commissioners under the new corporation, are *functi officiis*, because the old corporation, of which they were president and directors, had ceased to exist at the time they filed their answer; that being no longer president and directors, they are no longer commissioners under the new charter; and that the time for opening the books has past, and they have no longer any authority to act.

We may assume it as an undoubted proposition, that in the present suit the defendants do not represent, in any manner, either of the two corporations. They stand before the court as individuals who were appointed by law to perform a certain trust, and who, according to the allegations in the petition, and not denied, assumed to act in fulfilment of that trust, by giving public notice within the time specified in the charter. It is true, they were the president and directors of the Louisisiana State Insurance Company, but when they assumed to act under this appointment, they did not act in that capacity, but as commissioners to receive the subscription of the capital stock of a new company to be formed, of which the future subscribers were to be the corporators. No judgment is asked against either of those corporations, but against the persons who assumed to act as commissioners, and to compel them to proceed in the performance of their duties, according to the true intent and meaning of the act of the legislature. If the defendants had been appointed by name, describing them as for the time being, president and directors of a corporation about to expire, it would not have been doubted that the trust was personal to them, and the addition of their existing quality as mere *descriptis personarum*.

The second section of the act incorporating the subscribers to the Louisiana State Marine and Fire Insurance Company, provides that subscriptions for the capital stock, three thousand shares, shall be opened at New-Orleans, in the month of April next, under the superintendence of the president and directors of the Louisiana State Insurance Company, and shall continue open until the whole of said number of shares shall have been subscribed. *Acts of 1835, page* 59. It appears to us clear, that while acting under this appointment, the defendants could not bind the stockholders of the company of which they were president and directors, and that the two corporations are wholly independent of each other. The fourth section provides that the subscribers to the said insurance company, their successors and assigns, are created a body politic. If there were no subscribers, there

EASTERN DIST.
*April,* 1836.

LALLANDE
*vs.*
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

Where the president and directors of a company are appointed commissioners to perform a certain trust, they act in the latter capacity alone, and are responsible for their acts as commissioners, after their offices of president and directors have expired.

Eastern Dist.
April, 1836.

LALLANDE
vs.
PRESIDENT AND
DIRECTORS OF
THE LA. STATE
INS. CO.

Where commissioners are to open books of subscription for stock of a company, on a certain day, and keep them open until the subscription is filled, the time within which they are to keep the books open is unlimited, except as to its commencement, and the commissioners are responsible, until the subscription is filled according to the charter.

The writ of mandamus is provided for, in all cases where the law has assigned no relief by the ordinary means, and where reason and justice require some mode of redressing a wrong.

could be no corporators and no corporation, and the commissioners were to open the books for the purpose of receiving subscriptions, and to require each subscriber to pay, at the time of subscribing, twenty dollars on each share, and secure the payment of the balance.

The latter part of the exception set up by the defendants, assumes that the time within which subscriptions could be received, was limited to the month of April, 1835, and that after that period, the commissioners could no longer open the books. The charter, as we have seen, requires that the books shall be opened in April, but it requires, at the same time, that the subscriptions shall be kept open until the whole of the number of shares shall have been subscribed. We cannot doubt that the commissioners were authorised to act after the month of April, if they had commenced to act within that month, and the subscription was not filled. The time within which they are authorised to keep open the subscription is unlimited, except as to its commencement, which was required to be in April. If they did not cease to be commissioners when they ceased to be the president and directors of a corporation which had expired, they continued, in our opinion, to be so until the subscription was filled.

It will be perceived, that we confine ourselves entirely to the question of law presented by the exception, without inquiring into the merits of the controversy, and whether any, and if so, what remedy remains to the plaintiff, supposing all the facts alleged by him to be true. The writ of mandamus which is demanded in this case, is provided by the Code of Practice, in all cases "where the law has assigned no relief by the ordinary means, and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever." Article 830. "It may be directed to public officers, to compel them to fulfil any of the duties attached to their office, or which may be legally required of them." Article 834. Whether the plaintiff be entitled to the relief sought by him, is a question which we are not now called on to decide; but we are of opinion, that there is nothing in the exception which exempts the defend-

ants from an inquiry into the manner in which they have executed the trust reposed in them, and that the court erred in sustaining it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the exception be overruled, and the case remanded for further proceedings, according to law, and that the defendants pay the costs of appeal.